UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW LEE MORRIS, | ) CASE NO.  5:06CV2446 |
| Petitioner, | ) JUDGE JOHN R. ADAMS |
| vs. | ) |
| STUART HUDSON, Warden, | ) **ORDER AND DECISION** |
| Respondent. | ) |

This matter comes before the Court on Petitioner's Objections to the Magistrate Judge's Report and Recommendation.  This action was referred to Magistrate Judge George J. Limbert for a Report and Recommendation ("Report") on the Petition for Habeas Corpus.  The Magistrate found all three of Petitioner's grounds for relief not well taken.  Petitioner timely filed objections to the conclusions in the Report.  The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the Report to which an objection has been made.  28 U.S.C. §636(b)(1).  The Court has been advised, having reviewed the Petition, Respondent's Return of Writ, Petitioner's Traverse and Brief, Transcript, the Report, Petitioner's Objections thereto, exhibits and applicable law, and finds that each of Petitioner's grounds for relief is without merit.   The petition for habeas corpus is therefore overruled.

**Background**

The procedural history of Petitioner's claim is set forth in detail in the Magistrate Judge's Report.  In his first two grounds for relief, Petitioner claims that two separate violations of the Sixth Amendment occurred during his trial in the state trial court due to the ineffective assistance of trial counsel:  first, he claims that counsel failed to renew his Crim. R. 29 motion for acquittal at the end of the defense's case; second, he claims that counsel failed to request a jury instruction

1

on the lesser-included offense of involuntary manslaughter. As his third ground for relief, he claims that his conviction was not supported by the manifest weight of the evidence.

In his Report, the Magistrate Judge set forth the standard of review by this court in habeas proceedings, and then found that Petitioner's third claim, that his conviction was not supported by the manifest weight of the evidence, was not cognizable in federal court as a manifest weight challenge, and was defaulted insofar as it raised a challenge to the sufficiency of the evidence in the trial court. He further found that the first two claims, those of ineffective assistance of trial counsel, were without merit.

Petitioner has filed objections to the Report, but notes that he has no objection to the Magistrate Judge's recitation of the factual or procedural history of the case, nor does he object to the Magistrate Judge's statement of his grounds for relief. Instead, with respect to the manifest weight challenge, he objects that the "[d]etermination of the issue [of] manifest weight of the evidence under state law necessarily involved a determination of the federal constitutional due process issue of sufficiency of the evidence," and that "[t]he evidence presented at trial was insufficient to support [Petitioner's] convictions." With respect to the ineffective assistance of counsel claims, Petitioner objects that, contrary to the conclusion of the Magistrate Judge, the state courts were in fact unreasonable in their application of *Strickland v. Washington*, 466 U.S. 668 (1984).

**Ineffective Assistance of Counsel**

Petitioner contends that the state courts made an unreasonable application of *Strickland* in holding that his trial counsel was not ineffective in failing to renew his Crim.R. 29 motion for acquittal and in failing to request a jury instruction on the lesser included offense of involuntary manslaughter. The Magistrate Judge's Report clearly analyzes these claims, concluding that

both are without merit and that relief on both grounds should be denied.  This Court adopts the reasoning and conclusions of the Magistrate Judge's Report and Recommendation on both ineffective assistance of counsel claims.

### Manifest Weight of the Evidence

In his original petition for habeas corpus, as well as in his objections to the Magistrate Judge's Report (Obj.), Plaintiff has argued that his manifest weight challenge necessarily contemplates a review by this court of the sufficiency of the evidence supporting his conviction.

> Because the Ohio appellate courts must necessarily pass upon the federal constitutional due process issue of sufficiency of the evidence in determining the state issue of manifest weight of the evidence, this Court should excuse any alleged procedural default and address the substance of Mr. Morris' third ground for relief as it necessarily relates to [the] issue of insufficiency of the evidence.

(Obj., 3).  In his Report, the Magistrate Judge addressed both manifest weight and sufficiency, finding that the manifest weight argument was not cognizable in federal court, and a sufficiency challenge, insofar as Petitioner may have raised one based on his reasoning above, had been defaulted by failure to raise it in the state courts.

In *Steele v. Tambi*, 2007 U.S. Dist. LEXIS 33318, the court held that a manifest weight challenge is not cognizable in a claim for federal habeas relief, and such a claim should be dismissed.  *Id.* at *36-37.  As the court explained, any manifest weight challenge requires the reviewing court to consider and re-weigh the evidence presented at trial and to resolve issues of credibility in order to determine whether the jury lost its way and "created such a manifest miscarriage of justice as to require reversal." *Id.* at *37.  However, under *Herrera v. Collins*, "a federal habeas court expressly may not undertake to weigh evidence, resolve conflicts in testimony, or otherwise make its own determination of guilt or innocence." *Id.*, citing *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

3

> Thus, the question of whether a verdict is against the manifest weight of the evidence is one of state law and, to the extent that a federal habeas petitioner bases a claim upon state law, such a claim does not state a cognizable basis for habeas relief. [*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).] An alleged violation of state law can serve as a basis for federal habeas relief only if the petitioner can show that there was a denial of "fundamental fairness" in the trial. [*Lewis*, 497 U.S. at 780.]

*Steele*, 2007 U.S. Dist LEXIS 33318, at *38.

The same analysis applies in Petitioner's case. In fact, the petitioner in *Steele* cited to the United States Supreme Court's decision in *Tibbs v. Florida*, 457 U.S. 31 (1982), to support the proposition that "the federal Constitution requires federal habeas courts to consider weight of the evidence arguments as part of fundamental due process analysis." *Steele*, 2007 U.S. Dist. LEXIS 33318, at *37. The same argument is made by Petitioner in this case, and is similarly without merit. The *Tibbs* decision spoke to the question of whether double jeopardy attached if the state appellate court found that, as a matter of state law, a conviction was against the manifest weight of the evidence. *Id.* at *37, n.98. It did not address the issue of federal habeas review of a manifest weight challenge. This court therefore adopts the conclusion of the Magistrate Judge's Report that Petitioner's manifest weight challenge is not cognizable in a habeas petition before this Court.

However, the Court rejects Petitioner's argument that a manifest weight challenge necessarily calls into question the sufficiency of the evidence. The Magistrate Judge entertained this argument only to the extent that, if any such argument existed, Petitioner would have defaulted on his challenge of the sufficiency of the evidence because he failed to raise the argument in the state appellate court on direct appeal. (Mag. Rpt. 12, citing *State v. Perry*, 10 Ohio St.2d 175). However, this Court finds that no such argument exists. Petitioner appears to have misinterpreted the relationship between the sufficiency of the evidence and the manifest weight of the evidence.

4

While a successful challenge on the issue of the sufficiency of the evidence necessarily renders moot any challenge as to the manifest weight of that evidence, the converse is not necessarily the case. As Petitioner correctly notes in his objections to the Report, the Ohio appellate courts have indicated that "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency" because sufficiency is the minimum that is required to take a case to the jury, and a verdict that is not against the manifest weight of the evidence is supported by sufficient evidence. See *State v. Roberts*, 1997 Ohio App. LEXIS 4255, at *5. This does not mean that a challenge to manifest weight, even if successful, would call into question the sufficiency of the evidence. More to the point, it certainly does not mean that an unsuccessful challenge to the manifest weight of the evidence would in any way involve an examination of the sufficiency of the evidence. Petitioner is attempting to circumvent the obstacle that he claims was created by his trial counsel's failure to renew his Crim.R. 29 motion for acquittal based upon the insufficiency of the evidence.

As the Magistrate Judge found, that failure did not amount to the ineffective assistance of counsel. The state courts found that Petitioner's conviction was not against the manifest weight of the evidence. Petitioner's attempt to work backwards from a manifest weight challenge to a sufficiency challenge must fail, as it does not provide this Court the grounds to review the manifest weight of the evidence.

Therefore, this Court finds that it is not necessary to address any of Petitioner's claims regarding the sufficiency of the evidence, as they were never properly raised and cannot be implied simply by challenging the manifest weight of the evidence. In all other respects, this Court adopts the Report of the Magistrate Judge with respect to Petitioner's third ground for relief, namely his manifest weight challenge.

**Conclusion**

Having considered *de novo* those portions of the Magistrate's Report to which objection is made by the Petitioner, it is determined that there are no factual disputes which would warrant a hearing. Further, after a *de novo* review of the record in light of Petitioner's objections, this Court agrees with the conclusions of the Magistrate Judge and ADOPTS the report subject to the analysis set forth above regarding Petitioner's third grounds for relief, and incorporates by reference the Magistrate Judge's findings of fact and conclusions of law. As such, the Petition for Habeas Corpus is hereby DISMISSED with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


DATED: November 30, 2007         /s/ John R. Adams
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT